**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2621-17T2

NAJEE PASCHALL,

     Plaintiff-Appellant,

v.

NORFOLK SQUARE APARTMENTS[1]
and WINGATE MANAGEMENT
COMPANY, LLC,

     Defendants-Respondents.

_____

Argued December 5, 2018 – Decided December 28, 2018

Before Judges Koblitz, Ostrer, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0452-17.

Alan K. Berliner argued the cause for appellant (Rothenberg, Rubenstein, Berliner & Shinrod, attorneys; Alan K. Berliner, on the brief).

---

[1] The correct designation for defendant "Norfolk Square Apartments" is Neighborhoods of the Universities Norfolk Square Apartments Company, a limited partnership, trading as Neighborhoods of the Universities Norfolk Square Apartments.

Mark J. Heftler argued the cause for respondents (Weber Gallagher Simpson Stapleton Fires & Newby LLP, attorneys; Robert F. Ball, of counsel and on the brief; Mark J. Heftler, on the brief

PER CURIAM

Plaintiff Najee Paschall appeals from an order granting summary judgment in favor of defendants Wingate Management Company and Neighborhoods of the Universities Norfolk Square Apartments Company, a limited partnership, trading as Neighborhoods of the Universities Norfolk Square Apartments (Norfolk Apartments), finding defendants owed no duty to plaintiff for the injuries plaintiff suffered as a result of a drive-by shooting. We affirm.

Defendants are the manager and owner respectively of a large apartment complex located in Newark. The complex houses senior citizen residents and is located in a neighborhood associated with drug activities. Plaintiff was previously barred from the Norfolk Apartments as a result of his suspected drug activities.

Plaintiff was in the vicinity of the Norfolk Apartments on April 27, 2015. He was returning home after visiting a friend who lived a few blocks from the apartment complex. Plaintiff was walking on Norfolk Street, toward the Norfolk

Apartments, past a liquor store or bodega located on the corner of Norfolk and Hartford Streets. Plaintiff walked by a garbage dumpster on the opposite side of the bodega and saw a white van driving down Norfolk Street. Plaintiff described reaching a ramp leading to 159 Norfolk Street when the rear doors of the van opened and a person began shooting. Plaintiff ran inside 159 Norfolk Street, through a hallway in the Norfolk Apartments, and exited the rear of the building.

During his deposition, plaintiff testified he had no intention or plan to enter the Norfolk Apartments on the day of the incident. Plaintiff further testified he did not live at the Norfolk Apartments and did not need to cut through the complex to get to his home. Based on his deposition testimony, when the shooting began, plaintiff was crossing the intersection of Norfolk and Hartford Streets in front of the Norfolk Apartments. After the van appeared, plaintiff continued walking on Norfolk Street and felt something hit him. After hearing five or six shots fired, plaintiff then ran inside the Norfolk Apartments. Plaintiff was shot in the back and taken to the hospital for treatment.

Plaintiff filed a personal injury action against defendants for the injuries he suffered during the drive-by shooting, claiming he was on the property owned, operated, maintained, and supervised by defendants when he was shot.

3

After completing discovery, defendants filed a motion for summary judgment, arguing they owed no duty of care to plaintiff as a matter of law.

In opposition to defendants' summary judgment motion, plaintiff submitted an affidavit, attaching photographs marked with an "X," in an attempt to prove plaintiff was on property owned by defendants at the time of the shooting. The motion judge noted the photographs contradicted plaintiff's sworn deposition testimony regarding where he was standing when he was shot. In response, plaintiff's counsel explained his client was in a "special school" and may not have been able to articulate the location where he was shot. Counsel believed the photographs submitted in opposition to defendants' summary judgment motion were "the clearest evidence from [plaintiff] where it happened." Plaintiff's counsel conceded that if the incident did not happen on defendants' property, "I wouldn't know why we're here. Because there's no obligation of someone who doesn't own the property to provide safety off the property." Counsel for plaintiff further acknowledged he could not dispute plaintiff's sworn deposition testimony.

After considering counsels' oral arguments and written briefs, the motion judge granted defendants' motion. The judge found:

> Applying the Hopkins[2] factors to the facts of this case, the [c]ourt finds that there is no basis upon which to

_____

[2] Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993).

hold [d]efendants to a duty of care as to [p]laintiff. The record on summary judgment does not support the broad duty advocated by [p]laintiff. First, [p]laintiff and [d]efendants did not know each other. Plaintiff was neither a resident of the Norfolk Square Apartments nor a visitor of a tenant on the day of the incident. In fact, [p]laintiff was not on the property at all at the time of the drive-by shooting, nor did he have an intention or plan to be on the property.

Second, the nature of the risk was unforeseeable. Given the random nature of the crime committed – a drive-by shooting – the attendant risk was simply unforeseeable.

Third, given the arbitrary and unprovoked nature of the incident that resulted in [p]laintiff's injuries, the [d]efendants did not have the opportunity or ability to protect a stranger-pedestrian from a drive-by shooter. Even if security had been present, a security guard would not be able to anticipate a drive-by shooter. And [p]laintiff's suggestion that the presence of a security guard would serve as a deterrent is sheer speculation.

Finally, no public interest is served by imposing a duty on [d]efendants to protect strangers from random acts of violence. To impose such a duty would be unreasonable.

On appeal, plaintiff claims the judge made improper findings of fact and usurped the role of the jury in determining defendants did not owe him a duty of care. Plaintiff reiterates his arguments before the trial court that: (1) he was on defendants' property when he was shot; (2) the attendant risk of the shooting

A-2621-17T2

was foreseeable; and (3) the presence of a security guard on defendants' property would have deterred the shooting.

We review a "trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Summary judgment must be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting R. 4:46-2(c)). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c). "When no issue of fact exists, and only a question of law remains, [a reviewing court] affords no special deference to the legal determinations of the trial court." Templo, 224 N.J. at 199.

"Premises liability is a subset of general negligence law." Peguero v. Tau Kappa Epsilon Local Chapter, 439 N.J. Super. 77, 88 (App. Div. 2015). To prevail on a negligence claim, a plaintiff must establish four elements: "(1) a duty of care,

(2) a breach of that duty, (3) proximate cause, and (4) actual damages." Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)).

Whether a defendant owes a duty of care to another is generally a question of law to be determined by the trial court. Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 572 (1996). The Supreme Court has adopted a totality of the circumstances approach "when determining the existence and scope of [a] duty" in a negligence action. Clohesy v. Food Circus Supermarkets, 149 N.J. 496, 514 (1997). Based on this approach, "a possessor of land who holds it open to the public" has a duty to "exercise reasonable care to prevent foreseeable harm" to "members of the public who enter in response to the possessor's invitation . . . ." Id. at 515. In the case of a trespasser upon property, unlike a situation involving a licensee or an invitee on property, a landowner must only warn "of artificial conditions on the property that pose a risk of death or serious bodily harm . . . ." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993).

We analyze a landlord's duty of care to an individual based on a totality of the circumstances and considerations of public policy and fairness. See Hopkins, 132 N.J. at 439; see also Acuna v. Turkish, 192 N.J. 399, 414 (2007) (quoting Kelly v. Gwinnell, 96 N.J. 538, 544 (1984)) (finding that a "value judgment, based on an

analysis of public policy[]" and notions of fairness was essential to the determination of a duty). The Supreme Court has established four factors for determining whether an individual owes a duty of care toward another: (1) "the relationship of the parties;" (2) "the nature of the attendant risk;" (3) "the opportunity and ability to exercise care;" and (4) "the public interest in the proposed solution." Hopkins, 132 N.J. at 439. This "analysis is both very fact-specific and principled; it must lead to solutions that properly and fairly resolve the specific case and generate intelligible and sensible rules to govern future conduct." Ibid.

In applying the Hopkins factors to determine whether defendants owed a duty of care in this case, the motion judge found defendants did not owe a duty of care to plaintiff under the circumstances.

Plaintiff and defendants had no relationship because plaintiff was neither a tenant nor a visitor of the Norfolk Apartments at the time of the incident. Plaintiff testified at his deposition that he was not on defendants' property when the shots were fired. Plaintiff's photographs, attempting to place him on defendants' property, were submitted after his deposition and after defendants moved for summary judgment. The judge concluded plaintiff's belated affidavit amounted to an improper "sham affidavit." Shelcusky v. Garjulio, 172 N.J. 185, 201 (2002) (requiring "a court

A-2621-17T2

to evaluate whether a true issue of material fact remains in the case notwithstanding an affiant's earlier deposition testimony.")

The judge also found plaintiff was a trespasser on defendants' property at the time of the incident. Therefore, defendants only had a duty to warn plaintiff of dangerous artificial conditions that might result in death or serious bodily injury.

The judge concluded the attendant risk of a drive-by shooting was unforeseeable. Plaintiff offered no evidence demonstrating defendants were aware of drive-by shootings. The fact that defendants provided security at the Norfolk Apartments to prevent drug dealers from disturbing the residents did not create a duty to protect stranger-pedestrians such as plaintiff.

The judge also determined defendants had no opportunity or ability to protect a stranger-pedestrian from an unforeseeable drive-by shooting. Even if security had been present on the day of plaintiff's incident, based on the random nature of the crime, the drive-by shooting would not have been prevented no matter the level of care or precaution taken by defendants.

Lastly, the judge found imposing a duty of care upon property owners to protect strangers from random acts of violence served no public interest. Imposing a duty of care "based on foreseeability alone could result in virtually unbounded liability[.]" Estate of Desir ex rel. Estiverne v. Vertus, 214 N.J. 303, 319 (2013).

A-2621-17T2

Having reviewed the record, we agree with the judge's evaluation of the totality of the circumstances, as well as the concepts of fairness and considerations of public policy, and we also conclude defendants owed no duty of care to plaintiff. Because the question of duty is for the court to determine and there were no genuine issues of material fact, summary judgment in favor of defendants was proper as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2621-17T2